

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00015-CV

---

IN RE LONNIE KADE WELSH, RELATOR

---

ORIGINAL PROCEEDING

---

February 13, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the court is the pro se petition for writ of mandamus filed by Lonnie Kade Welsh. Through it he prays "this court grant him access to the courts by having the Judge Didway of the 154th District Court do his job and have Judge Estevez of the 9th Judicial Administrative [R]egion do her job." We deny the petition for the following reasons.

First, the rules of appellate procedure require the petitioner to include, within the petition, "a short conclusion that clearly states the nature of the relief sought." TEX. R. APP. P. 52.3(i). Praying we tell a jurist to simply "do his or her job" falls outside the realm of clearly stating the nature of the relief sought.

Second, the same rules obligate the petitioner to certify that he or she reviewed the petition and concluded that every factual statement in it is supported by competent evidence included in an appendix or the record. *See* TEX. R. APP. P. 52.3(j). Welsh did not do that.

Third, mandamus issues only upon the petitioner's establishing the absence of an adequate legal remedy and a clear abuse of discretion by the jurist in question. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). Furthermore, the rules of appellate procedure also obligate the petitioner to include in his petition a clear and concise argument supporting the contentions made, with appropriate citation to legal authority and the record. TEX. R. APP. P. 52.3(h). Combining these two tenets means Welsh must explain, at the very least, how the two judges against whom relief was sought abused their discretion and why he has no adequate appellate remedy. This was not done.

Fourth, and to the extent that he actually wants us to direct the two judges to act on matters pending before them, the petitioner must accompany his petition with documents "showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, Welsh refers to a motion he attempted to file with the 154th Judicial District Court and a petition for writ of mandamus allegedly filed with the administrative regional judge for the 9th region. If he wants us to order the jurists to act on them, those items would constitute documents showing the matter complained of. Yet, they were not provided to us in an appendix, record, or other appropriate manner.

The foregoing deficiencies or omissions lead us to order that Welsh's petition for writ of mandamus be denied.

Per Curiam

2